

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 9, 1977

The Honorable Henry Rothell
Administrator
Texas Employment Commission
Austin, Texas   78778

Opinion No. H-941

Re:  Vacation entitlement
of state employees who
return to state employment
after service in the armed
forces.

Dear Mr. Rothell:

You have requested our opinion concerning the rights
of a state employee who returns to state employment after
service in the armed forces with respect to vacation and
sick leave entitlement.

Article 6252-4a, V.T.C.S., provides in part for the
restoration to employment of state employees following their
discharge from the armed forces.  Two opinions of this office
have held that persons reemployed are entitled to longevity
credit for pay purposes for the time spent in the military.
Attorney General Opinions M-886 (1971); M-250 (1968).
These opinions were based upon a liberal interpretation of
section 3 of article 6252-4a, which provides in part:

> Any person who is restored to a position . . .
> shall be considered as having been on furlough
> or leave of absence . . . and shall be entitled
> to participation in retirement <u>or other benefits</u>
> to which employees of the State of Texas . . .
> are, or may be, entitled . . . . (Emphasis added).

In M-250 and M-886, the language "or other benefits" was construed to require the inclusion of time spent in the military within the employee's longevity of employment. We see no distinction between longevity for pay purposes and longevity of employment for purposes of vacation and sick leave entitlement. Accordingly, in our opinion, state employees who return to state employment following military service are entitled to the inclusion of the time spent in the military in the determination of their longevity of state employment for purposes of vacation and sick leave entitlement. However, we do not perceive any indication that the Legislature intended that an employee accrue vacation and sick leave while serving in the armed forces. These benefits are forms of compensation and generally accrue only while an employee is on the state payroll. See General Appropriations Act, art. 5, § 7, Acts 1975, 64th Leg., ch. 743 at 2849.

You have referred us to section 7d of article 5 of the Appropriations Act, as well as to federal law concerning veterans' reemployment. Section 7d provides for vacation and sick leave accrual for:

> An employee called to active duty during a national emergency by a reserve branch of the United States Armed Forces. . . .

This appears to be a safeguard measure in the event of a national emergency requiring the activation of reserve military forces, and there is no indication that it is applicable to the individuals involved here.

The relevant federal law is found in 38 U.S.C. 2021, which provides for veteran reemployment rights. In 1974 section (a)(B) thereof was amended to apply to employees of states. However, the Act applies only to persons leaving military service after its effective date, which was December 3, 1974. See note following section 2021; Field Letter 23, U.S. Dept. of Labor. In addition, the statute does not require the accrual of sick leave and vacation benefits while on active duty; it is merely suggested as the "sense of Congress." 38 U.S.C. 2021(b)(2). Consequently, the federal law does not conflict with state law and does not affect our decision.

## S U M M A R Y

A state employee returning to state employment following service in the military is entitled to have his time on active duty included within his longevity of employment for purposes of vacation and sick leave entitlement, but does not accrue vacation or sick leave while on active duty and not in the employ of the state.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APRROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb